**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 2 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  Charles J. Carter

Debtor(s)

Case No.: 19-10094

Judge: MBK

## Chapter 13 Plan and Motions

☐ Original    ☐ Modified/Notice Required    Date: 10/25/19

☐ Motions Included    ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ATA    Initial Debtor: CJC    Initial Co-Debtor: _____

## Part 1:    Payment and Length of Plan

a. The debtor shall pay $ _____1,661_____ per _____month_____ to the Chapter 13 Trustee, starting on _____11/1/19_____ for approximately _____51_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDINGTRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,060.00 |
| Additional Attorney Fee | Administrative | Balance Due: $487.50 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ditech Financial | 129 Mali Drive | $42,981.08 | 0 | $42,981.08 | $2,629.00 |
| Ditech Financial | 129 Mali Drive | $4,871.96 | 0 | $4,871.96 | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**   ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**   ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 34,510 _____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Nissan-Infiniti | $1033.00 | Auto Lease | Assume | $554.00 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Andrew T. Archer, Esquire
3) Secured Creditors
4) Priority Creditors/Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:   Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 01/03/2019                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Consent order with Ditech Financial required a modified plan to resolve motion for relief. | Ditech arrears were added to the repayment plan, and monthly payment was increased to $1,661. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 10/25/19    /s/ Charles J. Carter
Debtor

Date: _____    _____
Joint Debtor

Date: 10/25/19    /s/ Andrew T. Archer
Attorney for Debtor(s)

```
                              United States Bankruptcy Court
                                   District of New Jersey

In re:                                                              Case No. 19-10094-MBK
Charles J. Carter                                                   Chapter 13
      Debtor                     CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2          Date Rcvd: Oct 28, 2019
                              Form ID: pdf901          Total Noticed: 33


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 30, 2019.
db             +Charles J. Carter,    129 Mali Drive,    North Plainfield, NJ 07062-2413
517950744      +Barclays Bank Delaware,    Attn: Correspondence,    Po Box 8801,    Wilmington, DE 19899-8801
517950747      +Chase Card Services,    Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
517950748      +Citibank,    Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
517950750      +Citibank/The Home Depot,    Attn: Recovery/Centralized Bankruptcy,    Po Box 790034,
                 St Louis, MO 63179-0034
517950751      +Citibankna,    Citibank Corp/Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
517950753      +Citicards,    Citicorp Credit Services/Attn: Centraliz,    Po Box 790040,
                 Saint Louis, MO 63179-0040
517950762      +First National Bank,    Attn: Tina,    1620 Dodge St Mailstop 4440,    Omaha, NE 68197-0002
517950763      +KML Law Group,    216 Haddon Avenue Suite 406,    Westmont, NJ 08108-2812
517961239       Nissan Motor Acceptance,    POB 660366,    Dallas, TX 75266-0366
517950764      +Nissan Motor Acceptance Corp/Infinity Lt,    Attn: Bankruptcy,    Po Box 660360,
                 Dallas, TX 75266-0360
517975144     ++PERI GARITE,    ATTN CARD WORKS,    101 CROSSWAYS PARK DR W,    WOODBURY NY 11797-2020
               (address filed with court: First National Bank of Omaha,    1620 Dodge Street, Stop code 3105,
                 Omaha, NE 68197)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 29 2019 00:23:19      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 29 2019 00:23:17      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518069315       E-mail/Text: bankruptcy@alliantcreditunion.com Oct 29 2019 00:23:39      Alliant Credit Union,
                 11545 W Touhy Ave,    Chicago, IL   60666
517950742      +E-mail/Text: bankruptcy@alliantcreditunion.com Oct 29 2019 00:23:39      Alliant CU,
                 Attn: Bankruptcy,    Po Box 66945,    Chicago, IL 60666-0945
517950745      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 29 2019 00:32:06      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
517950746      +E-mail/Text: mduckett@cmcu.org Oct 29 2019 00:23:52      Charlotte Metro Fcu,    718 Central Ave,
                 Charlotte, NC 28204-2024
517950755      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 29 2019 00:22:59      Comenity Bank/Overstock,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus, OH 43218-2125
517950756       E-mail/PDF: DellBKNotifications@resurgent.com Oct 29 2019 00:32:17
                 Dell Financial Services LLC,    Attn: President/CEO,    Po Box 81577,    Austin, TX 78708
517950757      +E-mail/PDF: pa_dc_ed@navient.com Oct 29 2019 00:32:14      Dept of Ed / Navient,
                 Attn: Claims Dept,    Po Box 9635,    Wilkes Barr, PA 18773-9635
517961531       E-mail/Text: mrdiscen@discover.com Oct 29 2019 00:22:22      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH   43054-3025
517950760      +E-mail/Text: mrdiscen@discover.com Oct 29 2019 00:22:22      Discover Financial,    Po Box 3025,
                 New Albany, OH 43054-3025
517950761      +E-mail/Text: bankruptcy.bnc@ditech.com Oct 29 2019 00:22:48      Ditech Financial,
                 Attn: Bankruptcy,    Po Box 6172,    Rapid City, SD 57709-6172
518101231       E-mail/Text: bankruptcy.bnc@ditech.com Oct 29 2019 00:22:48      Ditech Financial LLC,
                 P.O. Box 6154,    Rapid City, SD 57709-6154
518070227       E-mail/PDF: resurgentbknotifications@resurgent.com Oct 29 2019 00:31:38      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
518101582       E-mail/PDF: pa_dc_claims@navient.com Oct 29 2019 00:32:58
                 Navient Solutions, LLC. on behalf of,    Department of Education Loan Services,    PO BOX 9635,
                 Wilkes-Barre, PA 18773-9635
518052098       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 29 2019 00:32:53
                 Portfolio Recovery Associates, LLC,    c/o Amazon.com Store Card,    POB 41067,
                 Norfolk VA 23541
518052113       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 29 2019 00:31:31
                 Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
518066198       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 29 2019 00:32:53
                 Portfolio Recovery Associates, LLC,    c/o Gm,    POB 41067,    Norfolk VA 23541
517952799      +E-mail/PDF: gecsedi@recoverycorp.com Oct 29 2019 00:31:58      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517950765      +E-mail/PDF: gecsedi@recoverycorp.com Oct 29 2019 00:32:00      Synchrony Bank/Amazon,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
517950766      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Oct 29 2019 00:21:43
                 Verizon Wireless,    Attn: Verizon Wireless Bankruptcy Admini,    500 Technology Dr, Ste 550,
                 Weldon Spring, MO 63304-2225
                                                                                              TOTAL: 21

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```

```
District/off: 0312-3           User: admin              Page 2 of 2                   Date Rcvd: Oct 28, 2019
                               Form ID: pdf901          Total Noticed: 33

517950743*        +Alliant CU,    Attn: Bankruptcy,    Po Box 66945,     Chicago, IL 60666-0945
517950749*        +Citibank,    Centralized Bankruptcy,     Po Box 790034,    St Louis, MO 63179-0034
517950752*        +Citibankna,    Citibank Corp/Centralized Bankruptcy,     Po Box 790034,    St Louis, MO 63179-0034
517950754*        +Citicards,    Citicorp Credit Services/Attn: Centraliz,     Po Box 790040,
                    Saint Louis, MO 63179-0040
518036725*       ++DELL FINANCIAL SERVICES,     P O BOX 81577,    AUSTIN TX 78708-1577
                   (address filed with court: Dell Financial Services, LLC,    Resurgent Capital Services,
                    PO Box 10390,    Greenville, SC 29603-0390)
517950758*        +Dept of Ed / Navient,     Attn: Claims Dept,    Po Box 9635,     Wilkes Barr, PA 18773-9635
517950759*        +Dept of Ed / Navient,     Attn: Claims Dept,    Po Box 9635,     Wilkes Barr, PA 18773-9635
                                                                                              TOTALS: 0, * 7, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2019                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2019 at the address(es) listed below:
              Albert  Russo    on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert  Russo    docs@russotrustee.com
              Andrew Thomas Archer    on behalf of Debtor Charles J. Carter aarcher@spillerarcherlaw.com,
               bankruptcy@brennerlawoffice.com;r64966@notify.bestcase.com
              Denise E. Carlon    on behalf of Creditor   DITECH FINANCIAL LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kevin Gordon McDonald    on behalf of Creditor   DITECH FINANCIAL LLC kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Phillip Andrew Raymond    on behalf of Creditor   Ditech Financial LLC phillip.raymond@mccalla.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                               TOTAL: 7
```